UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| GERALD LYNN CAMPBELL | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:09-cv-203\1:93-cr-19 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Gerald Lynn Campbell ("Campbell"), a federal inmate, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Criminal Court File No. 105].[1] Campbell's claims are difficult to decipher, but the Court discerns that he contends his sentence should be reduced based on Congress passing H.R. 3245 which equalizes the disparity between powder cocaine and cocaine base crack [Crim. Court File No. 106]. In addition, he apparently contends the alleged "new change in law" renders his felony drug conviction a misdemeanor which he argues requires the dismissal of his conviction under 924(c).[2]

Because it plainly appears from the instant § 2255 motion and from Campbell's criminal file that he is not entitled to relief, the United States Attorney is not required to file an answer in this matter. For the reasons explained below, the Court has determined that a hearing is not

---

[1] Citations to docket entries will refer to the criminal court case file. All filings in this § 2255 proceeding shall be filed in the criminal court case file (1:93-cr-19).

[2] In a second supporting memorandum, Campbell argues his sixty month sentence for the § 924(c) conviction should run concurrent with his drug conviction, citing *United States v. Williams*, 558 F.3d 166 (2nd Cir. 2009) (On direct review, the Second Circuit concluded "the mandatory minimum sentence under § 924(c)(1)(A) . . . is inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense.") [Crim. Court File No. 108]. This case is inapplicable to Campbell's untimely § 2255 motion.

1

necessary, and further concludes that the § 2255 motion will be **DENIED** as time-barred and without merit [Crim. Court File No. 105].

*I.  Background*

In 1995 Campbell was convicted by a jury of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1)(c); using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). Campbell's sentencing guidelines range was 210 to 262 months of imprisonment for the drug offense, followed by a consecutive mandatory minimum sentence of five years of imprisonment for the § 924(c) offense, resulting in a guideline range of 270 to 322 months. Campbell was sentenced to 300 months imprisonment. Campbell's conviction and sentence were affirmed on appeal. *United States v. Campbell*, No. 95-5191, 1995 WL 699614, at *1 (6th Cir. Nov. 27, 1995).

Campbell subsequently filed a *pro se* motion to reduce his sentence under § 3582. After appointing counsel, the Court ultimately denied the motion, concluding that Campbell's guideline range was determined by his career offender status under USSG § 4B1.1(b), rather than his cocaine base offense level. That decision was affirmed on appeal [Crim. Court File No. 101].

Campbell filed the present § 2255 motion on July 28, 2009, claiming "Congress passed H.R. 3245 on (July 22, 2009), this "NEW" Law gives Campbell the right to file to "Correct" his Sentence." [Crim. Court File No. 106]. Campbell argues, in effect, that the alleged recent passing of H.R. 3245 and the policy changes within the Department of Justice recognizing a need to address the disparity between crack cocaine and powder cocaine, requires the Court to

2

resentence him based on the 1:1 ratio. In addition, as the Court understands his claim, Campbell contends this change also requires the Court to dismiss his § 924(c) conviction because the 1:1 ratio renders his drug conviction a misdemeanor which does not qualify under 924(c) as a drug trafficking crime. The Court disagrees.

## II.    *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. See 28 U.S.C. § 2255. The § 2255 motion was filed on July 28, 2009.[3]

Campbell's conviction was affirmed by the Sixth Circuit on November 27, 1995 [Crim. Court File No. 73]. If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. Rule 13 Supreme Court Rules. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

The Sixth Circuit's disposition of Campbell's case was filed on November 27, 1995. Therefore, Campbell's time for filing certiorari expired in February of 1996 and his judgment

---

[3] A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc.

became final then.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was enacted April 24, 1996, there is a one-year statute of limitation from the date on which the judgement of conviction becomes final, for filing a § 2255 motion.  However, when a judgement of conviction becomes final prior to the enactment of the AEDPA, as it did in Campbell's case, the one year for filing a § 2255 is counted from the time the statute was enacted.   Therefore, Campbell's § 2255 motion should have been filed by April 24, 1997.  Since Campbell's § 2255 motion was filed on July 28, 2009, it is time-barred by the statute of limitations.

Neither H.R. 3245 nor the recent changes in the Department of Justice policy regarding the sentencing disparity between crack cocaine cases and powder cocaine cases create a new and constitutional right for criminal defendants to file a § 2255 motion.[4]  *See United States v. Webb*, 2009 WL 2992563 (W.D. Va., Sept. 17, 2009) (Changes in Department of Justice policy and bills introduced in Congress to change or eliminate statutory sentencing disparity between crack cocaine and powder cocaine cases did not provide grounds to render an untimely § 2255 motion

---

[4]   On July 29, 2009, the House Judiciary Committee approved H.R. 3245, entitled "The Fairness in Cocaine Sentencing Act of 2009."  If enacted, the bill will remove references to "cocaine base" from the U.S. Code, effectively leaving a 1-to-1 ration.  *See* H.R. 3245, 111th Cong. (2009).  Based on the Court's research, it does not appear that either the House or the Senate have voted on this bill.

"In April 2009, the United States Department of Justice announced that it would ask courts to use a 1:1 ratio between powder and crack cocaine in sentencing criminal defendants. . . . [This] decision[] [was] based on numerous considerations that are well documented in case law, Congressional testimony, and reports of the U.S. Sentencing Commission . . . *See, e.g.*, Lanny A. Breuer, Assistant Attorney General for the Criminal Division of the U.S. Department of Justice, Testimony before the U.S. Senate (April 29, 2009), http://judiciary.senate.gov/pdf/09-04-29BreuerTestimony.pdf." *United States v. Carter*, 2009 WL 2578958, * 2 (W.D.Va.,2009)

timely under § 2255(f)). The bill upon which Campbell relies (H.R. 3245) is pending federal legislation. Although it was approved by the Judiciary Committee of the House of Representatives on July 29, 2009, it has not been enacted into law. Thus, Campbell is not entitled to have the Court calculate his one-year filing period under § 2255(f)(3)[5] or (4)[6] based on the date(s) he received notice of the Department of Justice Policy change and H.R. 3245. Consequently, Campbell is not entitled to relief based on speculation that the bill, which does not include a provision that it will be retroactively applicable on collateral review, will eventually be enacted into law and apply retroactively on collateral review.

Because neither H.R. 3245 nor the recent changes in the Department of Justice policy regarding the sentencing disparity between crack cocaine cases and powder cocaine cases offer Campbell any relief, his claim is without merit. Accordingly, his § 2255 motion, which was filed more than twelve years after his judgment of conviction became final, will be **DENIED** because it is time-barred by the statute of limitations [Crim. Court Doc. 105].

An appropriate judgment will enter.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE

---

[5] Section 2255(f)(3) provides that the one-year period of limitation may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

[6] Section 2255(f)(4) provides that the one-year period of limitations may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(3)